**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN EDWARD LINDQUIST,**

        **Plaintiff,**

**-vs-**                                       **Case No.  6:06-cv-1810-Orl-31DAB**

**ALBERTO GONZALES, Attorney General**
**of the United States and UNITED STATES**
**OF AMERICA,**

        **Defendants.**

## ORDER

This matter comes before the Court on a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 12) filed by Attorney General Alberto Gonzales ("Gonzales") and the United States of America (collectively the "Federal Defendants"). Plaintiff was instructed to respond by March 20, 2007 (Doc. 15), and has failed to do so.

**I. Background**[1]

On August 21, 2006, Plaintiff Kevin Edward Lindquist ("Lindquist")[2] went to the Daniel Patrick Moynihan Federal Courthouse in the Southern District of New York (the "Courthouse") to observe the criminal trial of John Gotti.  Lindquist was wearing a t-shirt that said  "FRANK

---

[1] The following statement of relevant facts is taken from Plaintiff's Complaint (Doc. 1).

[2] Lindquist is a Florida resident, living in Seminole County. (Doc. 1 at 2).

GOTTI + JOHN FAVARA = ROADKILL."[3]  After Lindquist sat down in the courtroom, he was approached by a U.S. Marshal who asked him to step outside.  Once in the hallway the Marshal asked Lindquist to turn his shirt inside out.  Lindquist told the Marshall that he wished to consult an attorney before agreeing to comply, but he did not attempt to re-enter the courtroom.  Lindquist then gave his name and mailing address to another U.S. Marshall and left.

On August 22, 2006, Lindquist returned to the Courthouse wearing the same t-shirt. Four court officers approached Lindquist as he was about to enter the courtroom, and one of them told Lindquist that he had orders to kick him out of the building.  Lindquist told the officers that he planned to turn the shirt inside out before entering the courtroom, but wanted to practice his right to free speech in the hallway.  Lindquist was ejected from the Courthouse.

Plaintiff's Complaint (Doc. 1) prays for equitable (Counts I and II) and monetary (Count III) relief under 42 U.S.C. § 1983 ("§ 1983").

## II. Standard of Review

In ruling on a motion to dismiss, this court must view the complaint in the light most favorable to the Plaintiff, and must limit its consideration to the pleadings and any exhibits attached thereto.  *Scheuer v. Rhodes,* 416 U.S. 232 (1974); Fed. R. Civ. P. 10(c).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for

---

[3]"Frank Gotti is the deceased brother of the criminal defendant, John A. Gotti.  Frank Gotti was killed by a car driven by John Favara over two decades ago." (Doc. 13 at 2).  *See also*, http://www.americanmafia.com/Allan_May_12-6-99.html; http://en.wikipedia.org/wiki/John_Favara.

relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotations omitted). "A complaint need not specify in detail the precise theory giving rise to the recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union,* 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

*A) Count I*

In Count I, Plaintiff seeks injunctive relief. The Federal Defendants argue that Lindquist has no standing to request injunctive relief. (Doc. 12 at 6-7). "[A] party has standing to seek injunctive relief only if the party alleges a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)

(internal quotations omitted, emphasis in original).  In this case, Plaintiff has made no such allegation.  Therefore, Count I will be dismissed.

    *B) Count II*

In Count II, Plaintiff seeks a declaratory judgment stating "[t]hat the Government's removal of citizens from a Federal Court building [for] engaging in 'offensive' speech or displaying 'offensive' t-shirts of an arguably offensive nature through it's (*sic*) various agencies and employees is unconstitutional." (Doc. 1 at 7).  Defendants argue that Plaintiff lacks standing to bring an action for declaratory judgment. (Doc. 12 at 6-7).

In discussing the issue of standing in actions for declaratory judgment against the government, the United States Supreme Court recently stated the following:

> Our analysis must begin with the recognition that, where threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat -- for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction. For example, in *Terrace v. Thompson*, 263 U.S. 197, 44 S. Ct. 15, 68 L. Ed. 255 (1923), the State threatened the plaintiff with forfeiture of his farm, fines, and penalties if he entered into a lease with an alien in violation of the State's anti-alien land law. ***Given this genuine threat of enforcement***, we did not require, as a prerequisite to testing the validity of the law in a suit for injunction, that the plaintiff bet the farm, so to speak, by taking the violative action. *Id*., at 216, 44 S. Ct. 15, 68 L. Ed. 255.

*MedImmune, Inc. v. Genentech, Inc.,* 127 S. Ct. 764, 772 (U.S. 2007) (emphasis added).

In this case, however, Plaintiff makes no allegation of a genuine threat of enforcement. There has been no threat to arrest Plaintiff, or even remove him from the Courthouse, in the future. Therefore, Plaintiff lacks standing to bring an action for declaratory judgment and Count II will be dismissed.

*C) Count III*

Count III is a claim for monetary relief under § 1983. The Federal Defendants argue that the claim for monetary relief must fail because the United States is protected by sovereign immunity, and a suit against the Attorney General is equivalent to a suit against the United States. (Doc. 12 at 7). It is true that the federal government cannot be sued for monetary relief under § 1983 because there has been no waiver of sovereign immunity. *Manstream v. United States Dep't. Of Agriculture,* 649 F.Supp. 974, 993 (M.D. Ala. 1986); *Petrenko v. United States,* 859 F.Supp. 647, 649 (E.D.N.Y. 1994). However, the Attorney General does not enjoy the same protection. *Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985).

Still, when bringing a claim under § 1983 against the Attorney General, Plaintiff cannot rely simply on the theory of *respondeat superior*. *Engelleiter v. Brevard County Sheriff's Dept.,* 290 F. Supp. 2d 1300, 1308 (M.D. Fla. 2003). Instead, Plaintiff must allege that a custom or policy of the Attorney General was the moving force behind the violation of his constitutional rights. *Church v. City of Huntsville,* 30 F.3d 1332, 1345 (11th Cir. 1994). As Plaintiff has failed to allege any custom or policy of the Attorney General that was the moving force behind the alleged violations of his rights, his claim against Gonzales must fail as well. Therefore, Count III will be dismissed.[4]

---

[4] Count III was also brought against Officer Vaughn Munro ("Munro"), however, this Court has already dismissed Munro from this action due to lack of personal jurisdiction. (See this Court's Order of March 7, 2007, filed at Doc. 20).

**IV. Conclusion**

Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. 12) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED**. Plaintiff shall have leave to file an amended complaint within twenty (20) days of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 21, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party